**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WESSAM M. SALEM, | : | |
| Petitioner, | : | Civil Action No. 09-3013 (PGS) |
| v. | : | **O P I N I O N** |
| UNITED STATES OF AMERICA, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

Wessam M. Salem, Pro Se
# 126602
Middlesex County Adult Correctional Center
P.O. Box 266
New Brunswick, NJ 08903

Leah Amber Bynon, Esq.
Assistant U.S. Attorney
970 Broad Street, Room 700
Newark, NJ 07102
Attorney for Respondents

**SHERIDAN**, District Judge

Petitioner Wessam M. Salem, an alien confined at Middlesex County Adult Correctional Center while awaiting removal, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The respondents are the United States of America

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

and the State of New Jersey.  Subsequently, Petitioner filed an Amended Petition (docket entry 5).  Respondents were ordered to answer the petition, and submitted a motion to dismiss (docket entry 13).

For the reasons stated below, the motion to dismiss will be granted.  Both the petition and amended petition will be dismissed.

## BACKGROUND

Petitioner is a citizen and native of Egypt.  On December 14, 1995, Petitioner became a lawful permanent resident of the United States.  On November 6, 2003, Petitioner was convicted of possession of a controlled dangerous substance, in violation of New Jersey state law, and was sentenced by the state court to three years probation.  As a result of the conviction, on December 20, 2005, the Immigration and Naturalization Service, now the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), served Petitioner with a Notice to Appear, charging him as removable pursuant to Section 237(a)(2)(B)(i) of the Immigration and Nationality Act.

Between 2004 and 2008, Petitioner was charged with numerous crimes in New Jersey state court.  During one of his

---

(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

2

incarcerations, Petitioner assaulted a corrections officer. He was charged with aggravated assault and on February 28, 2008, he was sentenced, pursuant to a plea agreement, to five years incarceration.

On May 19, 2009, Petitioner was taken into ICE custody after his convictions were served. On January 11, 2010, an Immigration Judge ("IJ") ordered Petitioner's removal, in absentia. It appears that on the date his order of removal was entered, Petitioner was in New Jersey state custody at the Essex County Jail. Petitioner appealed the IJ's order of removal in February of 2010. The appeal remains pending.

The original petition for a writ of habeas corpus in this matter was filed on June 18, 2009, prior to the IJ's order of removal. In his original petition, Petitioner sought removal from ICE custody on an order of supervision. Thus, his original petition challenged his pre-removal order detention.

In his amended petition, Petitioner challenges the New Jersey courts' decision regarding the custody of his children.

In the motion to dismiss, filed on March 2, 2010, Respondents argue that the amended petition should be dismissed for lack of jurisdiction, and that the original petition should be denied, because Petitioner's current status is in post-removal order detention, and his appeal is pending, so that there is no final order of removal and Petitioner must be detained.

## DISCUSSION

### A. Standard of Review

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B. Both Petitions Must Be Dismissed.

As noted, Petitioner filed an original petition (docket entry 1), and an amended petition (docket entry 5). Both petitions must be dismissed.[2]

---

[2] Respondents are correct in the assertion that Petitioner has not named the proper respondent in this § 2241 action. The proper respondent in a habeas action is the warden of the facility in which Petitioner is confined. See Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). As the instant petition is subject to dismissal for lack of jurisdiction for the reasons cited in this Opinion, the Court will not require Petitioner to amend the petition to name the warden as a respondent at this juncture.

1.  <u>Original Petition</u>

Petitioner argues that his continued detention is unlawful. He claims that he has been in ICE custody from October 28, 2005 until present. However, Petitioner calculates the time he spent in state custody and in pre-removal order detention into that equation. Petitioner's order of removal was not issued until January 2010, and his appeal remains pending at the Board of Immigration Appeals ("BIA").

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish

5

that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. See, e.g., Xi v. U.S. I.N.S., 298 F.3d 832, 839-40 (9th Cir. 2002); Barenboy v. United States, 160 Fed. Appx. 258, 261 (3d Cir. 2005)(unpubl.)(passage of six-month presumptively reasonable period of detention does not entitle Petitioner to automatic release; alien may be held until it is determined that there is no significant likelihood of removal in the reasonably foreseeable future).

In this case, the record before the Court demonstrates that Petitioner's order of removal has not yet become final. Further, while Petitioner certainly was detained by the State of New Jersey for various criminal arrests and convictions, he was not detained by ICE for the entire time he claims. Petitioner was not taken into ICE custody until May 19, 2009, at that time pre-removal order. However, at this stage in Petitioner's immigration proceedings, where Petitioner is in the midst of appealing his order of removal, he is considered in post-removal order detention, and his claim challenging his detention must be

denied as premature. The Court also notes that Petitioner provides no argument that his removal is not reasonably foreseeable.

2. Amended Petition

In the amended petition (docket entry 5), Petitioner argues that the State of New Jersey violated his rights to custody of his two children, by ordering that the children be given up for adoption in 2001. Petitioner notes that he was represented by counsel during the proceedings.

However, the claims by Petitioner presented in the amended petition do not pertain to Petitioner's detention, and thus, do not fall under the purview of 28 U.S.C. § 2241. See 28 U.S.C. § 2241(c)(3), Preiser v. Rodriquez, 411 U.S. 475, 484 (1973)("[T]he traditional function of the writ is to secure release from illegal custody").

Furthermore, Petitioner should note that a federal district court lacks jurisdiction to directly review judgments of state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (the "Rooker-Feldman doctrine"). The Rooker-Feldman doctrine bars district courts from "entertain[ing] constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir.

1998)(citations omitted). Thus, to the extent that Petitioner claims that his constitutional rights were violated by the custody decision of the New Jersey state courts, this Court lacks jurisdiction to review that judgment.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted. The petition will be dismissed, without prejudice to Petitioner raising his detention claims after his order of removal becomes final, if he is detained past the time limitations described above and in 8 U.S.C. § 1231(a)(1)(B), and Zadvydas v. Davis, 533 U.S. 678 (2001).

An appropriate order follows.

_____
PETER G. SHERIDAN
United States District Judge

Dated: 4/26/10